**UNITED STATES of America,**

v.

**Anthony SAINATO and Vincent Sainato, Defendants.**

**No. CR 98–96 (ADS).**

United States District Court, E.D. New York.

Nov. 28, 1998.

---

Zachary W. Carter, United States Attorney, E.D.N.Y., by Barry Jonas, Senior Trial Attorney, for the United States of America.

Jacob R. Evseroff, Brooklyn, New York, for defendant Anthony Sainato.

Dale L. Smith, Brooklyn, New York, for defendant Vincent Sainato.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

At issue is whether law enforcement agents' handwritten notes, taken during interviews with Government witnesses, are discoverable.

Under Rule 26.2, the district court, upon motion by a party after the adverse party's witness has testified on direct examination, shall order the production by the adverse party's attorneys of any statement of the witness "that is in their possession and that relates to the subject matter concerning which the witness has testified." Fed. R.Crim.P. 26.2(a). Under Rule 26.2(f), a "statement" is defined as:

1. a written statement made by the witness that is signed or otherwise adopted or approved by the witness;

2. a substantially verbatim recital of an oral statement made by the witness that is recorded contemporaneously with the making of the oral statement and that is contained in a stenographic, mechanical, electrical or other recording or a transcription thereof; or

3. a statement, however taken or recorded, or a transcription thereof, made by the witness to a grand jury.

The procedural requirements for making a motion for production and the definition of "statements" essentially track those of the Jencks Act, 18 U.S.C. § 3500.

One of the few Second Circuit opinions discussing this issue is *United States v. Scotti*, F.3d 1237, 1249 (2d Cir.1995). Following the language of Rule 26.2 and Section 3500, the Court held that a defendant is entitled to discovery of the rough notes of an agent's interview with a government witness, as a statement by the witness, under the Jenks Act or Rule 26.2, if either of two conditions are present:

1. The witness "adopted or approved" the agent's notes as his own statement, 18 U.S.C. § 3500(e)(1); Fed.R.Crim.P. 26.2(f)(1); or

2. The notes were a substantially verbatim recital of the witness' words, even if the interview was not automatically recorded, 18 U.S.C. § 3500(e)(2); Fed. R.Crim.P. 26.2(f)(2).

*Id.* at 1249. When it is doubtful whether the notes are subject to discovery, the Court stated, the government should submit them

to the trial court for an *in camera* assessment; the court may in its discretion consider extrinsic evidence in deciding whether the notes qualify as a witness statement. *Id.* at 1249-50.

Here, the Government has supplied the Court with the notes at issue. The foregoing standards dictate that the Court must examine the notes and determine whether the rough notes of the agents' interviews with the various government witnesses are statements, i.e ., that: (1) the witness "adopted or approved" the agent's notes as his or her own statement; or (2) the notes were a "substantially verbatim recital" of the witness' words, even if the interview was not automatically recorded.

### A. Are the Notes a "Substantially Verbatim Recital" of the Witness' Words?

█ Even if not an exact recording, the notes would be considered a "substantially verbatim recital" of the witness' statement if they "could fairly be deemed to reflect fully and without distortion what had been said to the government agent" and thus be used to impeach the witness' testimony at trial. *United States v. Scotti*, 47 F.3d at 1249. In *Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), the Supreme Court observed that the "substantially verbatim recital" standard was:

"[D]esigned to eliminate the danger of distortion and misrepresentation inherent in a report which merely selects portions, albeit accurately, from a lengthy oral recital. Quoting out of context is one of the most frequent and powerful modes of misquotation. We think it consistent with this legislative history, and with the generally restrictive terms of the statutory provision, to require that *summaries of an oral statement which evidence substantial selection of material, or which were prepared after the interview without the aid of complete notes, and hence on the memory of the agent, are not to be produced. Neither, of course, are statements which contain the agent's interpretations or impressions.*"

*Id.* at 352-53, 79 S.Ct. at 1224-25; *see also United States v.. Sasso*, 59 F.3d 341, 351 (2d Cir.1995) (quoting *Palermo* ).

Judging by these standards and a review of the notes, the Court finds that none qualify as a "substantially verbatim recital" of the witness' statement.

The notes are rough, choppy, disjointed, scattered jottings full of sentence fragments. Clearly, they are not exact recordings of the witness' statements. Nor can they be deemed "substantially verbatim recitals" of the witness' statement under the theory that they "reflect fully and without distortion what had been said to the government agent." *Scotti,* 47 F.3d at 1249; *see also United States v. Ramos,* 27 F.3d 65, 69-70 (3d Cir.1994) (officer's rough notes of interview with cooperating co-conspirators not Jencks Act statements because not substantially verbatim recitals); *United States v. Hall,* 93 F.3d 126, 130 (4th Cir.1996) (defendant not entitled to government's notes from interview with witness because witness had never seen documents and agents never asserted that notes were either verbatim statements or approved by witness), *cert. denied,* 519 U.S. 1151, 117 S.Ct. 1087, 137 L.Ed.2d 220 (1997); *United States v. Williams,* 998 F.2d 258, 269 (5th Cir.1993) (FBI 302 Forms, containing summaries of interviews with government witness, not Jencks Act material because did not contain verbatim statements by witness, only "scattered jottings" made by FBI agents); *United States v. Phibbs,* 999 F.2d 1053, 1089 (6th Cir.1993) (pretrial interview notes not Jencks Act material because witness did not adopt notes as substantially verbatim statements given by him); *United States v. Delgado,* 56 F.3d 1357, 1364 (11th Cir.1995) (DEA agent's notes from debriefings of co-defendant not Jencks Act material because not verbatim transcripts), *cert. denied,* 516 U.S. 1049, 116 S.Ct. 713, 133 L.Ed.2d 667 (1996). Rather, they are "summaries of [the] oral statement[s] which evidence substantial selection of material." *United States v. Sasso,* 59 F.3d at 351.

This conclusion is not altered by the presence of quotation marks surrounding a few words, phrases and sentences in the notes,

indicating that the agents, on occasion, directly quoted the subject of the interview. These quotes—assuming they are such—are brief, fragmentary and constitute a small portion of the notes. "The statute does not ... require the government to divulge even verbatim statements by the witness [where, as here,] the writer 'merely select[ed] portions, albeit accurately, from a lengthy oral recital.'" *Palermo v. United States,* 360 U.S. at 352.

Accordingly, the notes are not discoverable under the theory that they are "substantially verbatim recitations" of the witness' statements.

### B. Did Any of the Witnesses "Adopt or Approve" the Agent's Notes?

█ In ascertaining adoption and approval, the cases repeatedly cite the key issue as being is whether the government agent read the notes back to the witness to determine their accuracy or asked the witness to sign the notes. *See Goldberg v. United States,* 425 U.S. 94, 110 & n. 19, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976) (case remanded for inquiry into whether attorney's notes from conversation with witness were read to or by witness, and whether witness signed, adopted, or approved them); *United States v. Gonzalez–Sanchez,* 825 F.2d 572, 586–87 (1st Cir.1987) (government agent's notes or summary produced from notes not adopted or approved because neither notes nor summary read back to witness); *United States v. Smith,* 31 F.3d 1294, 1301–02 (4th Cir.1994) (prosecutor's notes of witness interview not adopted because prosecutor and witness testified that witness had not seen, reviewed, or otherwise adopted notes as her own); *United States v. Lindell,* 881 F.2d 1313, 1325–26 (5th Cir.1989) (notes taken by government agent during interview of co-defendant not adopted by co-defendant because neither signed nor approved); *United States v.. Farley,* 2 F.3d 645, 654–55 (6th Cir.1993) (FBI summaries of interviews with government witness not approved because no evidence offered to prove that statement adopted by witness); *United States v. Morris,* 957 F.2d 1391, 1402 (7th Cir.1992) (reports prepared by FBI agents summarizing oral interviews with govern-

ment witness not approved because neither signed nor adopted by witness); *United States v. Grajales–Montoya,* 117 F.3d 356, 362 (8th Cir.) (notes taken when Spanish–English translator repeated witness's answers not Jencks Act material because statements not read back to witness for purpose of witness approval), *cert. denied,* —— U.S. ——, 118 S.Ct. 586, 139 L.Ed.2d 423 (1997); *United States v. Ricks,* 817 F.2d 692, 697–98 (11th Cir.1987) (government memorandum not Jencks Act statement because never read back to witness); *cf. United States v. Boshell,* 952 F.2d 1101, 1104 (9th Cir.1991) (cryptic notes taken by government agent interviewing witness discoverable because occasionally read back to and confirmed by witness, and thus adopted by him); *United States v. Ogbuehi,* 18 F.3d 807, 810–11 (9th Cir.1994) (in camera review appropriate when defendant had sufficient foundation that co-defendant adopted prosecutor's notes as her statement; although prosecutor represented that notes not verbatim and never shown to co-defendant, co-defendant testified that prosecutor would "from time to time" read notes back and ask if he had it right).

Here, none of the notes bear the signature of the subject, and on their face cannot be characterized as "adopted or approved" by the witness on such a theory. In addition, there is no evidence that either the prosecutors or the law enforcement agents read the notes back to the witnesses to determine their accuracy.

For the foregoing reasons, the Court concludes that none of the witnesses "adopted or approved" the agents' notes.

### I. CONCLUSION

Having reviewed the parties' submissions and heard oral argument, it is hereby

**ORDERED,** that the defendants' motion to compel discovery of the government agents' handwritten notes is denied.

**SO ORDERED.**